IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY P. ROBINSON, JR.
and NICOLE RENEE JACKSON,

                    Petitioners,                    OPINION and ORDER

    v.

                                                  25-cv-95-jdp

DANE COUNTY SHERIFF OFFICE,

                    Respondent.

---

GREGORY P. ROBINSON, JR.
and NICOLE RENEE JACKSON,

                    Petitioner,                    OPINION and ORDER

    v.

                                                25-cv-103-jdp

COLUMBIA COUNTY JAIL and
DANE COUNTY SHERIFF OFFICE,

                    Respondents.

---

NICOLE RENEE JACKSON,

                    Petitioner,

    v.                                           OPINION and ORDER

STATE OF WISCONSIN and                        25-cv-131-jdp
DANE COUNTY SHERIFF DEPARTMENT,

                  Respondents.

---

GREGORY P. ROBINSON, JR.,

                         Petitioner,

    v.

DANE COUNTY SHERIFF OFFICE
and STATE OF WISCONSIN,

                         Respondents.

OPINION and ORDER

25-cv-132-jdp

      Gregory P. Robinson, Jr., and Nicole Renee Jackson, proceeding without counsel, are a married couple both currently incarcerated as pretrial detainees; Robinson is housed at the Columbia County Jail and Jackson is housed at the Dane County Jail. They have filed a series of petitions for a writ of habeas corpus under 28 U.S.C. § 2241, stating that they are being held in violation of the United States Constitution.

      The petitions are before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[1] Rule 4 requires the court to examine a petition and supporting exhibits and dismiss a petition if it "plainly appears" that the petitioner is not entitled to relief. For the reasons stated below I will dismiss each of these petitions.

      It appears that Jackson drafted each of these petitions; none of them included Robinson's signature. After prodding from the court, Robinson submitted a signature in some but not all of his petitions, along with a "letter of consent" in which he says that he is authorizing Jackson to sign his name in future filings as his power of attorney. *See, e.g.,* Dkt. 6 in Case No. 25-cv-95-jdp. I will deny that motion because litigants in this court cannot consent to have a non-lawyer represent them, even a spouse who has power of attorney in other matters.

---

[1] The § 2254 rules may be applied to other types of habeas cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

2

Nonetheless, because Jackson has now included his signature for some of his petitions I will consider all of them. I warn Robinson that he must sign any future filing he submits in these or any other cases.

In Case Nos. 25-cv-95-jdp and 25-cv-132-jdp, Robinson challenges his pretrial custody in state court in *State v. Robinson*, Dane County Case No. 2024CF1527, in which he was charged with various drug offenses. But online Wisconsin court system records show that the Dane County case has been dismissed.[2] Robinson is still being detained pursuant to a federal prosecution against him in this court, *United States v. Robinson*, 25-cr-11-jdp, also with drug charges. But because he is no longer being held in state custody, I will deny the '95 and '132 petitions as moot.

Robinson brings Case No. 25-cv-103-jdp about his federal pretrial custody, although some of his arguments are still pitched at his state court pretrial proceedings. He seeks release and money damages. Money damages are unavailable in habeas actions. Nor can I consider his request for pretrial release; such a request may be considered only under the Bail Reform Act, and not a § 2241 petition. *Fredrickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020). My review of Robinson's criminal case shows that Robinson recently withdrew his request for a detention hearing so that he could first solidify a release plan. I encourage him to work with his defense counsel on that issue rather than filing additional meritless habeas petitions.

As for petitioner Jackson, she filed the '95 case jointly with Robinson. In extremely limited circumstances it might be possible for two or more prisoners to bring a joint habeas petition. *See, e.g.*, *Lacy v. Butts*, No. 1:13-CV-811, 2015 WL 5775497, at *2 n.3 and *9 (S.D.

---

[2] Available at https://wcca.wicourts.gov.

Ind. Sept. 30, 2015) (granting class certification to group of habeas petitioners) (citing *Bijeol v. Benson*, 513 F.2d 965, 968 (7th Cir. 1975)). I need not consider that question here because Robinson's claim for relief in that case is moot and because Jackson followed with a solo habeas petition in Case No. 25-cv-131-jdp.

Jackson is still in state custody as a pretrial detainee in *State v. Robinson*, Dane County Case No. 2024CF001528, in which she is charged with maintaining a drug trafficking place, resisting an officer, and possession of a firearm as a felon.[3] A federal court should exercise discretion when considering a pretrial habeas corpus petition to "avoid[ ] interference with the process" of the state courts. *Baldwin v. Lewis*, 442 F.2d 29, 32 (7th Cir. 1971) (quoting *Ex parte Royall*, 117 U.S. 241, 252 (1886)). Absent exceptional circumstances, a federal court must abstain from interfering with ongoing state-court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Even when exceptional circumstances exist, the petitioner must exhaust state-court remedies before coming to federal court. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009).

Jackson's petitions are difficult to understand, mostly because they are larded with long-discredited "sovereign-citizen" theories of this court's jurisdiction that I will not discuss further. Jackson suggests that there wasn't probable cause to charge her with a crime, but that's the type of argument that I must abstain from considering because it can be raised in the state trial court or on appeal. *See Younger*, 401 U.S. at 49 (exceptional circumstances to consider a pretrial detainee's habeas petition do not exist when the threatened injury "is solely that

---

[3] That case is captioned with Jackson's married name.

incidental to every criminal proceeding brought lawfully and in good faith" (quotation omitted)).

Jackson does state that she was assessed an excessive cash bond amount; online records show that her bond was set at $3,000. This can be the type of exceptional circumstance that could allow this federal court to intervene in state-court criminal proceedings. *U.S. ex rel. Garcia v. O'Grady*, 812 F.2d 347, 356–57 (7th Cir. 1987) ((Easterbrook, J., concurring) (excessive-bail claim can be litigated in a habeas action). But even then, a detainee must exhaust her claim in the state-court system before this federal court can consider it. *Olsson*, 328 F. App'x at 335. Jackson has not appealed the bond amount.

And even had Jackson exhausted this claim, I would deny it. The standard for granting a habeas petition for this type of claim is high: "the federal courts cannot be expected to conduct a *de novo* bond hearing for every habeas corpus case that comes before it." *U.S. ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1133 (7th Cir. 1984). This is not a direct appeal of the bond hearing. The question is whether the state court acted *arbitrarily* in setting bail. *O'Grady*, 812 F.2d at 352, *Fitzgerald*, 747 F.2d at 1134 ("While we may not necessarily agree with the amount of bail set, we will not overrule the state trial court's determination as to the amount of bail unless its decision was made in an arbitrary manner. Here it was not."). "'What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation.'" *O'Grady*, 812 F.2d at 352 (quoting *Mastrian v. Hedman*, 326 F.2d 708, 711 (8th Cir. 1964)). While I am well aware of the increased scrutiny being applied to the practice of cash bail for indigent defendants, a relatively low bond amount of $3,000 is reasonable on its face for the felonies that Jackson is accused of, and she

5

doesn't otherwise explain why she thinks it is arbitrary. I will dismiss Jackson's habeas petitions.

For the petitions challenging state custody (the '95, '131, and '132 cases), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See* Rule 11 of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2253(c)(1)(A). To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." Section 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue petitioners a certificate of appealability in any of these cases. Petitioners may seek certificates from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Gregory P. Robinson's motion to allow petitioner Nicole Renee Jackson to represent him, Dkt. 6 in Case No. 25-cv-95-jdp, is DENIED.

2. Each of the above-captioned petitions for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED.

3. The clerk of court is directed to enter judgment in each case.

4. Petitioners are DENIED a certificate of appealability in Case Nos. 25-cv-95-jdp, 25-cv-131-jdp, and 25-cv-132-jdp. They may seek certificates from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered March 19, 2025.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge